HELENE JOERGENS, under Limited Letters of Administration, etc., of HOWARD L. JOERGENS, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23536.) — Claimant's intestate was a member of the New York National Guard, Troop F, First Cavalry, Fifty-first Brigade, from February 8, 1921, to July 30, 1923. He attended training camp with his outfit at Camp Fort Ethan Allen, Vermont, from July 31, 1921, to August 14, 1921. On August 7, 1921, deceased fell from a horse he was riding at the field encampment. He died April 4, 1932, by reason of a tumor of the *cauda equina.* Claimant alleges that the fall caused the death of deceased. The claim is filed pursuant to chapter 498 of the Laws of 1933. No claim is made that the State was guilty of any act of negligence which caused decedent to fall. There is no evidence in the record to justify a finding of negligence upon the part of the State. The court below found upon conflicting evidence that the proof was insufficient to establish that deceased was injured in the spine when he fell and that the proof was also insufficient to establish that deceased died as a result of such fall. The evidence sustains these findings. Judgment unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Application of the BROTHERHOOD OF RAILROAD TRAINMEN, Petitioner, for a Certiorari Order against THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and MILO R. MALTBIE and Others, as Public Service Commissioners of the State of New York, Being Members of Said Commission, and Another, Defendants.— Review under certiorari of order of Public Service Commission. The railroad was charged with violating section 54-a of the Railroad Law for operating trains outside yard limits without a full crew. The complaint was dismissed by the Public Service Commission. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

THE SAFETY BUILDING-LOAN AND SAVINGS ASSOCIATION OF THE CITY OF ALBANY, Appellant, v. GEORGE J. FELTS and Another, Defendants, and ANNA FINKLE, Respondent.— Appeal by plaintiff from an order of the Special Term, Albany county, denying plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice. The action is brought to foreclose a mortgage on real property. The answer of the respondent Anna Finkle alleges as a defense and counterclaim that on dates subsequent to the delivery of the bond and mortgage, she became the owner of the said property, by a tax deed from the city of Rensselaer, and that the proceedings relative to the tax sale and deed were due and regular, thereby vesting the fee in respondent to the exclusion of plaintiff and all persons claiming under the defendants Felts, the owners of the property against which the tax was levied and assessed. There is thus raised an issue of fact as to the tax sale and deed, and the effect thereof. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.